United States District Court
Eastern District of Michigan
Northern Division

United States of America
    Plaintiff,

v.

Fredy Alonzo Poot-Naal
    Defendant,

Case No: 23-CR-20121

Hon: Thomas Ludington
Hon. Patricia T. Morris
United States Magistrate Judge

| | |
|---|---|
| Katharine Hemann<br>Assistant U.S. Attorney<br>101 First Street Suite 200<br>Bay City MI 48708 | FREDY Alonzo Poot-Naal<br>Defendant<br>(Pro-Se)<br>111 S. 2nd St<br>Roscommon MI 48653 |

## MOTION FOR BOND PENDING SENTENCING

Now comes FREDY ALONZO POOT NAAL through himself in pro-se, requests that this Court grant his

Pg 1

MOTION FOR BOND for the following reasons:

1. Defendant FREDY Alonzo Poot-Nahal has pleaded guilty to Count ONE RE-ENTRY of Removed Alien pursuant to 8 U.S.C. § 1326 (a).

2. Sentencing is for July 27, 2023

3. Defendant has on figure has property for surety to this Court that will guarantee Defendant return for sentencing.

4. Defendant has no Violent Record, and is not a risk to the community, to the country, Defendant has been working in Construction for the past 4 years and is a positive Note to the economy.

Defendant contends that the statue that governs release or detention of a defendant

pg 2

of a defendant pending sentence is 18 U.S.C.S § 3143, section 3143(a) applies when a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence 18 U.S.C.S § 3143(a)(1). Such defendants may be released where the Court finds by clear and convincing evidence that they pose no danger to the community and one not likely to flee 18 U.S.C.S 3143(a) Section 3143(b)

Quoting
Jennings v Rodriguez, 138 S.Ct 830 Supreme Court February 27, 2018:

" The Judiciary Act of 1789 conferred rights to bail" proceedings in all criminal cases". "That perhaps is why blackstone wrote that the law provides for the possibility of bail in any case what so ever."

" As long as the alien does not fall with in-

8 U.S.C. § 1226 (c) permitting the detention of Aliens convicted of certain crimes - he must recieve a bond hearing at the outset of his detention.

In a case where defendant was charged with one count of illegal re-entry in violation of 8 U.S.C.S § 1326 (a) pre-trial detention was not warranted under the Bail Reform Act because their was failure to establish there was a serious risk that defendant would flee under 18 U.S.C.S § 3142 (G). See United States v Villatoro Ventura 330 F.Supp 3d 1118 September 12, 2018, and United States v Veloz-Alonso 2018 U.S. Dist LEXIS 175 990 October 12, 2018

WHEREFORE, Defendant FREDY Alonzo Poot-Naal request that this Court GRANT MOTION FOR BOND PENDING SENTENCING for the following reasons so stated here-in.

pg 4

DATE: June 9, 2023          Respectfully Submitted

FREDY ALONZO Poot-
NHAI
(Pro se)
111 S. 2nd St
Roscommon MI
48653


## CERTIFICATE OF SERVICE

I FREDY ALONZO Poot-NHAI hereby certify that on June 9, 2023 the foregoing document was mailed to U.S. Attorney Katharine Hemann at 101 first St Suite 200 Bay City, MI 48708

Date June 9, 2023

pg 5

TO: United States District Clerk
231 West Lafayette Blvd
Rm 564
Detroit MI
48226

From: FREDY ALONZO POOT-WAAL
111 S. 2nd St
Roscommon MI
48653

RE: United States v FREDY ALONZO POOT-WAAL
Case No: 1:23-CR-20121

Dear Clerk,

Enclosed for your filing is a Motion For Bond Pending Sentencing.

Thank you for your attention in this Matter

Sincerely Yours

Date June 9, 2023

Fredy Alonzo Poot-Naal
11 S. 2nd St
Oscommon MI
48653

United States
Court
Office the Clerk
231 West Lafayette Blvd
Rm 564
Detroit MI
48226

Roscommon County
INMATE MAIL